FILED IN CHAMBERS
THOMAS W. THRASH JR.
U. S. D. C. Atlanta

AUG 25 2009

JAMES N. HATTEN, Clerk
By /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALICIA EARLENE YOUNG, GDC NO. 1176215,<br>Plaintiff,<br><br>v.<br><br>GEORGIA DEPARTMENT OF CORRECTIONS; METRO STATE PRISON; OFFICER BRITTIAN; OFFICER STRONG; OFFICER FRAZIER; OFFICER BENSON; SERGEANT BROWN; and LIEUTENANT THOMAS,<br>Defendants. | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983<br><br>CIVIL ACTION NO.<br>1:09-CV-2177-TWT |

## ORDER AND OPINION

Plaintiff has submitted the instant pro se civil rights complaint. The matter is before this Court for a 28 U.S.C. § 1915A frivolity determination.

I. The Standard of Review

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to screen "as soon as practicable" a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is either: (1) "frivolous, malicious, or fails to state a claim upon which relief may be

AO 72A
(Rev.8/82)

granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A. See Ashcroft v. Iqball, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (more than merely "conceivable," the "complaint must be dismissed" when a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations).

2

her wrist, but too much time had already passed for that to be an effective treatment. (Id.) Plaintiff states that she was treated with antibiotics. (Id.) Plaintiff alleges that she still has scars on her left wrist. (Id.)

Plaintiff claims that she "reported to the appropriate chain of command and then filed a grievance within the institution." (Doc. 1 at 2.) In another portion of the complaint, Plaintiff also states, apparently with regard to the disciplinary action taken against her, that she "followed the grievance process and was denied any relief at the 1st level of appeal." (Doc. 1, Statement of Claims at 1.)

On the face of the complaint, Plaintiff names the Georgia Department of Corrections and the Metro State Prison as Defendants. (Doc. 1 at 1.) In another portion of the complaint, Plaintiff names Officer Brittian, Officer Strong, Officer Frazier, Officer Benson, Sergeant Brown, and Lieutenant Thomas as Defendants. (Id. at 3.) Plaintiff alleges that Defendants used excessive force against her. (Doc. 1, Statement of Claims at 1.) Construing the complaint liberally, Plaintiff may also be claiming that Defendants should not have disciplined her and were deliberately indifferent to her need for medical attention. (Id.)

4

II. Discussion

Plaintiff,[1] currently confined at the Metro State Prison in Atlanta, Georgia, alleges Ms. Rachel, a supervisor at the prison, was "nitpicking" her during the early morning hours of September 14, 2008. (Doc. 1, Statement of Claims at 1.) After they argued over whether Plaintiff was using a dry mop, Rachel accused her of being insubordinate. (Id.) Sergeant Brown was called to the scene, but "she refused to listen to anything that I [Plaintiff] had to say." (Id.) Lieutenant Thomas eventually came to the area, but he also refused to listen to Plaintiff. (Id.)

Thomas allegedly ordered prison officials to take Plaintiff "down physically to the ground." (Id.) Plaintiff was then handcuffed, but the handcuffs allegedly cut into her wrists, and she states that she needed medical attention. (Id.). While being handcuffed, Plaintiff was allegedly kicked by Officers Brittian, Strong and Benson. (Id.) Plaintiff alleges that her request for medical attention was denied, and that she was placed in lockdown for twenty-six (26) days. (Id.)

On September 30, 2008, Plaintiff was taken to the prison's medical department. (Id.) Plaintiff states that the attending physician would have stitched

---

[1] According to the Georgia Department of Corrections' database, Plaintiff is 5'11" tall, weighs 367 lbs., and was convicted of four counts of forgery and one count of obstruction of a law enforcement officer. (www.dcor.state.ga.us).

3

As relief, Plaintiff asks to be transferred to the Lee Arrendale State Prison. (Doc. 1, Statement of Claims at 2.) Plaintiff also seeks money damages and to have Defendant prison officials punished. (Id.)

Title 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." See also Porter v. Nussle, 534 U.S. 516, 532 (2002) ("we hold that the . . . exhaustion requirement applies to all inmate suits about prison life"). "There is no question that exhaustion is mandatory . . . and that unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007); Woodford v. Ngo, 548 U.S. 81, 95 (2006) (a prisoner must comply "with the [prison] system's critical procedural rules" in order to satisfy the exhaustion requirement of § 1997e(a)).

When appealing disciplinary matters, the institution's "Disciplinary Committee reviews the [prison official's] report, questions the offender and any witnesses, examines any evidence, and makes a ruling regarding the offenders action." (www.dcor.state.ga.us/Divisions/Corrections/InmateAffairs.html.) The prisoner may appeal the decision of the Disciplinary Committee to the

5

"administrator of the facility." (Id.) If a prisoner disagrees "with the decision of the administrator, he may appeal further to the Commissioner's Executive Assistant." (Id.) As indicated by Plaintiff, she never completed the second level of the appeal process. Thus, Plaintiff has failed to exhaust her remedies with regard to being placed in lockdown.

As previously noted, Plaintiff also stated that she filed a grievance within the institution. Although far from clear, Plaintiff may have filed a grievance over the actions of Defendant prison officials which led to her wrist injury and being denied medical care. For such grievances, the Georgia Department of Corrections has established a two-tier formal prison grievance system whereby prisoners "may grieve issues of any condition, policy, procedure, action or lack thereof that affect their lives in the institutions." (Id.) After attempting to resolve the matter informally, "[a] Georgia inmate's first step in seeking an administrative remedy is to file a grievance with "the institution administrator for review." (Id.) If not satisfied with the administrator's response, the inmate "has the right to appeal the administrator's resolution by bringing the matter to the attention of the Commissioner's Executive Assistant." (Id.) Here, Plaintiff's allegations indicate that she never pursued relief beyond the institutional level. Thus, by failing to

6

appeal to the Commissioner's Executive Assistant, Plaintiff has failed to exhaust her available administrative remedies concerning her claims of being subjected to excessive force and being denied medical treatment for her wrist.

In summary, Plaintiff's allegations show that she has failed to exhaust her available administrative remedies. Accordingly, this civil rights action should be dismissed without prejudice. Bryant v. Rich, 530 F.3d 1368, 1379 (11th Cir. Jun. 20, 2008) (unexhausted claims should be dismissed without prejudice); Jones, 549 U.S. at 216 ("failure to exhaust" may "be as basis for dismissal for failure to state a claim"); Clark v. Georgia Pardons and Paroles Board, 915 F.2d 636, 640 (11th Cir. 1990) (when it is apparent that "an affirmative defense would defeat the action," a district court may dismiss the action sua sponte as frivolous).

III. Conclusion

**IT IS ORDERED** that the instant pro se civil rights complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may re-file this action after pursuing all of her available administrative remedies. For the purpose of dismissal, Plaintiff's request for leave to file this action in forma pauperis [Doc. 2] is **GRANTED**.

7

The Clerk of the Court is **DIRECTED** to add Officer Brittian, Officer Strong, Officer Frazier, Officer Benson, Sergeant Brown, and Lieutenant Thomas as Defendants in this action.

**IT IS SO ORDERED**, this 25 day of August, 2009.

*Thomas W. Thrash*
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE